IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SOTO, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | No. 14-2173 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.*, | : | |
| **Defendants.** | : | |

MCHUGH, J.                                                                                                OCTOBER 8, 2015

## MEMORANDUM

This civil rights case involving alleged excessive force by a police officer requires me to resolve two related motions by the Defendant City of Philadelphia. The first motion is Defendant's Motion for Summary Judgement. The second is Defendant's Motion to Amend its Answer.

I begin by reviewing the timeline of relevant events in this case. Plaintiff Eric Soto alleges that on April 14, 2012, he was injured by police officers when they questioned him after an incident at a bar. Two years to the day after the incident giving rise to his claims, Plaintiff filed this lawsuit against the City of Philadelphia and several individual officers. The lawsuit alleges four claims: first, a claim under 42 U.S.C. § 1983 alleging excessive force against the officer who injured him; second, a claim under 42 U.S.C. § 1983 against the other officers on the scene who failed to prevent the injuries; third, a claim under 42 U.S.C. § 1983 alleging the City of Philadelphia's failure to properly train and supervise its officers caused the officers' unconstitutional conduct; and fourth, a state law assault and battery claim against the officer who injured Plaintiff. When he filed the Complaint, Plaintiff did not know the identities of the individual officers, so he identified them as John Does 1–4.

1

During factual discovery, Plaintiff learned the identities of several officers present at the scene of the alleged incident, but did not learn which officer played which role. In particular, Plaintiff did not identify which officer actually caused Plaintiff's injuries and which officers failed to intervene. In lieu of amending the Complaint to add the officers, Plaintiff sent letters to these officers in July of 2014. These letters informed the officers about the suit and stated, "Documents provided by the City of Philadelphia indicate that you were one of the officers at the scene when Mr. Soto sustained his injuries and that you are or may be one of the John Doe Defendants described in the plaintiff's Complaint." Plaintiff's Response to Defendants' Motion for Summary Judgment, Exhibit D, Letter to Officer Ortiz (July 31, 2014).

Pursuant to this Court's Order, fact discovery ended March 27, 2015. By the end of fact discovery, Plaintiff had neither identified the individual officers' specific roles in the incident nor added any of them to an Amended Complaint. It appears that Plaintiffs has conducted virtually no discovery. Plaintiff did not make any requests to the Court to extend discovery in order to correctly identify the Doe defendants.

On the day that fact discovery ended, Defendant City of Philadelphia filed for summary judgment. The City argued that the claims against all the individuals must be dismissed because no individuals had actually been named, and the statute of limitations to add them had passed. The City also argued that the claim against the City should be dismissed because there can be no municipal liability in the absence of a constitutional violation committed by an individual.

Plaintiff offered two rejoinders to the City's Motion. First, Plaintiff argued that the City's statute of limitations argument must fail because the City had not pleaded the argument as required in its Answer. Second, Plaintiff argued that all the officers who may be the John Doe Defendants were notified by letter of their possible role in the lawsuit. According to Plaintiff,

the eventual amendments to the Complaint will relate back to the Complaint when it was originally filed, and therefore the claims against the officers will still comply with the statute of limitations.

The City responded by resting on its arguments for summary judgment and filing a Motion to Amend its Answer to add the statute of limitations as an affirmative defense.  In their Motion to Amend their Answer, the City argued that it did not believe that amending its Answer was necessary, but that it would do so in an abundance of caution.

### I. Motion to Amend the City's Answer

The City should be permitted to amend its Answer to add the defense of the statute of limitations.  Federal Rule of Civil Procedure 15 and the Third Circuit's case law interpreting the rule both favor a liberal policy towards granting motions to amend pleadings.  The Rule states "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Third Circuit has instructed, "Unless the opposing party will be prejudiced, leave to amend should generally be allowed."  *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991).

When deciding whether an opposing party will be prejudiced by an amendment, the Third Circuit has looked to whether a new argument raises new factual issues or was not foreseen by the opposing party.  In *Charpentier*, the court found an immunity defense raised for the first time after trial could be considered despite the fact it was not included in earlier pleadings.  The court discussed several factors that demonstrated that raising the immunity defense at a late state would not prejudice the plaintiff.  *Id.* at 863–64.  For example, other defendants had raised the immunity defense in their answers.  *Id.*  "The answers of the other defendants and MCII's trial brief should have alerted, and undoubtedly did alert, Charpentier to the issue of immunity."  *Id.*

3

Additionally, the immunity defense "involves no factual issues." *Id.* Similarly, in *Rutter v. Rivera*, in a non-precedential decision, the Third Circuit found a district court abused its discretion in denying a motion to amend because:

> Rutter could not have been unaware of or unfairly surprised by the judgment in her workers' compensation claim. Rivera's amendment would have introduced only a new question of law which would not have required Rutter to conduct any further discovery and would not have forced Rutter to put on evidence of any additional facts at trial.

74 Fed. App'x 182, 186 (3d Cir. 2003).

Applying these principles to the facts before me, it is evident that Plaintiff will not be prejudiced by the City's late amendment to its Answer. Plaintiffs' letters to possible individual defendants evidence Plaintiff's awareness of the statute of limitations issue well before the City sought to formally add it to its Answer. Resolving the issue does not require resolving any new factual issues. The City correctly argues that "compliance with the statute of limitations was not at issue when the City filed its [A]nswer." Defendant's Memorandum in Support of its Motion to Amend its Answer 1. Defendant's Motion to Amend its Answer shall be granted, and I shall not consider the City's statute of limitations claim to be waived.

## II. Motion for Summary Judgment

Having determined that the City can raise its statute of limitations defense, I turn next to the City's Motion for Summary Judgment based on that defense. The City argues, first, that the claims against the John Doe defendants should be dismissed because the claims have not been brought against any identified individuals and the statute of limitations for the claims has passed. Second, the City argues the claim against the City should be dismissed because Plaintiff has failed to allege any constitutional violations by individuals.

4

Pursuant to Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To succeed, the City "must show that (1) there are no questions of material fact and (2) [it is] entitled to judgment as a matter of law." *Howard Hess Dental Laboratories Inc. v. Densply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

      a. Claims Against Individual Officers

The City contends that the statute of limitations has passed and it is too late for Plaintiff to amend his Complaint to identify the individual officers. Plaintiff does not dispute that the statute of limitations has passed, but argues that it may still amend its Complaint when it eventually identifies each officer's role in the alleged incident because the Amended Complaint will "relate back" to the original Complaint (and the original Complaint's earlier date) pursuant to Federal Rule of Civil Procedure 15(c).

The City argues the relation back provisions of Rule 15 are inapplicable on the facts here, and I agree. Plaintiff has not filed any motion to amend his Complaint, so the question of whether Rule 15 permits an amendment to the Complaint is not before me. Instead, I consider whether it is appropriate to dismiss the Doe defendants under Rule 21, which governs "Misjoinder and Nonjoinder of Parties." The Third Circuit has explained that plaintiffs may, upon filing a lawsuit, use fictitious names as temporary placeholders for the real defendants. *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998). However, "an action cannot be maintained

solely against Doe defendants." *Id.* "If reasonable discovery does not unveil the proper identities, … the John Doe defendants must be dismissed." *Blakeslee v. Clinton County*, 336 Fed. App'x 248, 250 (3d Cir. 2009) (upholding District Court decision dismissing Doe defendants and granting summary judgment on remaining claims after close of discovery).

Here, after months of discovery, Plaintiff has not amended his Complaint to identify the Doe defendants. Plaintiff has identified a set of individuals who may be the intended defendants, but they are not named in the Complaint, and Plaintiff has not identified which individual is which John Doe. Plaintiff has not identified any authority suggesting he can proceed against the unidentified officers at this late stage, and I have found none.

Furthermore, even if I were to consider whether an amendment now could relate back to the filing of the original Complaint, I would find that the time for amendment has passed. Under Rule 15, a Complaint may be amended to replace a fictitious party name with the correct name if three requirements are satisfied. First, "the claim against the newly named defendants must have arisen 'out of the conduct, transaction, or occurrence set forth … in the original pleading.' " *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (citing Fed. R. Civ. P. 15). Second, the new party must have received notice of the action within 120 days of filing and the notice must have been such "that the party will not be prejudiced in maintaining a defense on the merits." *Id.* Finally, "the newly named party must have known, or should have known … that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.*

Plaintiff cannot satisfy these requirements. In particular Plaintiff cannot show that the individual officers, even if they received notice, would not be prejudiced by allowing relation

6

back of the Complaint amended at some point in the future. While the individuals may be aware that they could be involved in the lawsuit, they have had no opportunity to defend themselves or participate in discovery because they are not formally part of the litigation. Plaintiff suggests the precise role of each officer in the case could be identified in a deposition or at trial. Memorandum in Support of Plaintiff's Reply to Defendant's Motion for Leave to File an Amended Answer at 8–9. However, pursuant to the Court's Scheduling Order, all fact discovery finished on March 27, 2015. Scheduling Order, Nov. 25, 2014. It would be highly prejudicial to a person's defense to learn he is the defendant in any of the claims at issue here only after his trial has begun.[1] *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014–15 (3d Cir. 1995) ("[T]he 'prejudice' to which [Rule 15] refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.") (citing *Curry v. Johns-Manville Corp.*, 93 F.R.D. 623, 626 (E.D. Pa. 1982)). Furthermore, the events in question occurred more than three years ago. The possibility of prejudice is real, and counsel's failure to take any meaningful steps to advance this case is as inexcusable as it is inexplicable.

Accordingly, all the individual Doe Defendants shall be dismissed from this action.

b. Claims Against the City of Philadelphia

I will also dismiss Plaintiff's claim against the City of Philadelphia. Plaintiff is claiming that the City of Philadelphia caused his injuries by maintaining "a policy, custom, and/or practice of condoning and/or acquiescing in violations of the Constitutional rights of persons by Philadelphia police officers." Complaint at ¶ 37. The individual defendants will be dismissed, which will leave Plaintiff in the unusual position of pursuing a claim against the City for

---

[1] Franz Kafka, *The Trial* (Woods Classics, 2009)

maintaining a policy that caused Plaintiff's constitutional injury without having a claim against the individual officers.

This is not an impossible position to maintain. A plaintiff cannot succeed on a claim that a municipality's policy caused excessive force violations without proving that the plaintiff actually suffered excessive force violations, but a plaintiff can prove the underlying constitutional violation without actually winning a claim against an individual based on that violation. In *City of Los Angeles v. Heller*, on which the City relies, the Supreme Court held that a municipal corporation could not be held liable for causing a constitutional violation after a jury found an individual officer had not caused any constitutional violation. 475 U.S. 796, 799 (1986). The municipality could not be held liable for causing conduct a jury decided was legal. *See also Fagan v. City of Vineland*, 22 F.3d 1283, (3d Cir. 1994) ("Once the jury determined that the arrest was lawful, there was no underlying constitutional violation for which the city or any other defendant could be held liable.").

Municipalities may be liable even though individuals are not. This can occur when a plaintiff proves an individual defendant violated his rights, but the individual is not liable by reason of qualified immunity. *Curley v. Village of Suffern*, 268 F.3d 65, 71–72 (2d Cir. 2001) ("*Heller* will not save a defendant municipality from liability where an individual officer is found not liable because of qualified immunity."); *In re City of Philadelphia Litig.*, 49 F.3d 945, 972 (3d Cir. 1995) (acknowledging "in some circumstances a city may be liable even though its officers are not liable."). The Second Circuit explained that as long as a plaintiff proves the underlying constitutional violation, the plaintiff need not actually file a separate claim against the individual:

> It does not follow, however, that the plaintiff must obtain a *judgment* against the individual tortfeasors in order to establish the liability of the municipality. It

8

> suffices to plead and prove against that municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality. In fact, the plaintiff need not sue the individual tortfeasors at all, but may proceed solely against the municipality.

*Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

The fact that Plaintiff's claims against the individual officers will be dismissed does not necessarily doom Plaintiff's lawsuit, except that Plaintiff has further failed to produce evidence showing a material factual dispute as to whether the City of Philadelphia failed to render training that resulted in the Doe Defendants using excessive force. Plaintiff's Complaint avers that the City failed to properly train and supervise its officers. To succeed on such a claim, the plaintiff must show that the municipality's "failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). A plaintiff can accomplish this by showing the city ignored "a pattern of constitutional violations" or failed to prepare its agents for "situations presenting an obvious potential for such a violation." *Id.* at 397, 409. A municipality that ignores the need for training can be held liable for its deliberate indifference to the constitutional violations that its inaction causes. *Id*. The plaintiff "must also demonstrate that the inadequate training caused a constitutional violation." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).

Here, Plaintiff has alleged only a single constitutional violation. Plaintiff has not produced any evidence of a pattern of police employing excessive force. Presumably, Plaintiff's counsel asks the Court to deny this motion and proceed to trial in the hope that counsel might get lucky and find evidence supporting a claim during trial. But the Federal Rules of Civil Procedure as construed by higher courts do not contemplate such a use of judicial resources. Having conducted nearly no discovery, and lacking any expert on police training and procedure, there is no factual basis on which Plaintiff can possibly prove a causal connection between the

alleged lack of training and supervision and Plaintiff's injury.  On this record, no reasonable jury could find that the City of Philadelphia acted with deliberate indifference.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Amend its Answer will be granted, and its Motion for Summary Judgment will be granted as to the claims against all Defendants.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Court Judge
